UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| JAMES EARL SAMPSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-193-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH A. HICKEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

James Earl Sampson is an individual incarcerated at the Federal Medical Center in Lexington, Kentucky. Sampson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the filing fee. [R. 8] Having reviewed the petition[1], the Court must deny relief because his claim may not be pursued in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and because Sampson lacks standing to seek compassionate release on his own behalf.

I. FACTUAL BACKGROUND

Following a jury trial, on December 11, 1997, Sampson was found guilty of multiple drug trafficking and firearms offenses, and on March 12, 1998, was sentenced to a cumulative 420 month term of incarceration. Sampson's conviction and sentence were affirmed on direct appeal to the Eleventh Circuit, and survived several collateral attacks taken pursuant to Section 2255. *United*

---

[1] The Court screens habeas corpus petitions pursuant to 28 U.S.C. § 2243. *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. 2002). As Sampson is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). If the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

1

*States v. Sampson*, 8: 97-CR-00253-SCB-1 (M.D. Fla. 1997).

Medical records attached to the petition indicate that Sampson is approximately 37 years old. Sampson is paraplegic as a result of a gunshot wound to his abdomen who ambulates with the assistance of a wheelchair. Sampson has a history of severe congestive heart failure, whose heart functions with the assistance of an implanted internal cardiac defibrillator (a "pacemaker"). Nonetheless, performing normal activities of daily living cause his breathing to become labored. One physician has indicated that "the prognosis looks very poor because of the end-stage heart failure." [R. 1-3 at 9, 15, 19, 20, 24]

The Bureau of Prisons transferred Sampson from the United States Penitentiary - Terre Haute to FMC-Lexington in September 2009, presumably to better address his medical needs. However, in December 2009 and again in 2010, Sampson requested to be considered for early release from prison on compassionate grounds. In an April 9, 2010, letter from chairperson Amy Kennedy, the Bioethics Committee indicated that it had considered both his medical condition and prior criminal history in denying his request. [R. 1-3 at 1] Sampson has appealed that determination to the warden [R. 1-3 at 2], but acknowledges he has not yet completed exhaustion of his administrative remedies. [R. 1 at 7]

II.   DISCUSSION

In his petition, Sampson "request[s] that I be granted Compassionate Release based upon the fact I have a fatal heart disease." [R. 1 at 8] However, the habeas corpus statute "does not confer upon a court jurisdiction to alter a sentence solely based upon a prisoner's medical circumstances." *Morales v. United States*, 353 F.Supp.2d 204, 204 (D. Mass. 2005). Rather, a district court may only modify a sentence where a federal statute expressly confers upon it the authority to do so. *United*

2

*States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Such authority is expressly conferred, and circumscribed, by Section 3582 of Title 18. That statute provides, in pertinent part, that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (I) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; ...

18 U.S.C. § 3582(c) (emphasis added). By its terms, Section 3582(c)(1)(A) permits a court to reduce a term of incarceration if the conditions identified are met, but only if the Director of the BOP files a motion requesting such a reduction, in the court which sentenced the defendant. Because the Bioethics Committee has indicated that the Director will not file such a motion, Sampson seeks an order granting him compassionate release from this Court.

As a threshold matter, a petition for habeas corpus under Section 2241 is not the proper vehicle to obtain the relief Sampson seeks, because even if successful the result will not necessarily result in a shorter term of incarceration or a quantum change in the conditions of his confinement; at most it will result in a motion being filed in the sentencing court. Accordingly, the Court lacks

habeas jurisdiction over Sampson's request. *Morales*, 353 F.Supp.2d at 205 (denying Section 2241 petition for compassionate release on jurisdictional grounds).

Apart from that procedural shortcoming, the Court has no authority to review or countermand the Director's decision not to seek compassionate release under 18 U.S.C. § 3582(c). *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (unpublished disposition) ("A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons."); *Turner v. United States Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987); *Todd v. Fed. Bur. of Prisons*, 31 F. App'x 833, 834 n.2 (5th Cir. 2002) (although declining to reach the issue, noting that "the Seventh, Ninth, and Eleventh Circuits have concluded that the decision not to file a § 3582(c)(1)(A) motion is not reviewable."); *United States v. Harvey*, 2008 WL 3833928, at *1 (S.D.N.Y. 2008). Accordingly, the Court must deny Sampson's petition for lack of subject matter jurisdiction and for failure to articulate a probable ground for relief.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Sampson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

Entered on August 16 , 2010.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**